OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified by reversing that part which denied defendant’s motion to *863 vacate his plea and by dismissing indictment No. 1158/73 and, as so modified, affirmed.
Two indictments are in issue, No. 5172/72 and No. 1158/73, filed simultaneously. Defendant’s motions pursuant to CPL 30.30 to dismiss both indictments were denied. Defendant proceeded to trial on the first, resulting in a conviction, and entered a plea of guilty on the second, on the understanding that the sentence imposed would run concurrently with and not exceed the first. For the reasons stated in the Appellate Division’s memorandum (96 AD2d 538), we agree that the period of more than six months between the filing of the indictments and the first attempt to execute the bench warrant was not excludable from the time limitations imposed by CPL 30.30, and that defendant’s conviction was properly set aside and indictment No. 5172/72 dismissed. We note further that the period of more than six months between the dismissal of the felony complaint and the filing of the indictment itself provided an independent basis for dismissal under CPL 30.30 (People v Osgood, 52 NY2d 37).
Defendant’s plea having been induced by the understanding that the sentence would be concurrent with the sentence imposed for his conviction, since set aside, the plea must be vacated (People v Clark, 45 NY2d 432, 440). Remittal for further proceedings on the second indictment is unnecessary because the speedy trial motion encompassed both indictments, and the reasons for dismissing the first apply with equal force to the second.
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur.
Order modified by vacating defendant’s plea to indictment No. 1158/73 and dismissing indictment No. 1158/73 and, as so modified, affirmed in a memorandum.