■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR RIVERA, Appellant. [600 NYS2d 248] —Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered May 15, 1990, convicting the defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree under Indictment Number 6553/89, and sentencing him to an indeterminate term of imprisonment of from 5 to 10 years, unanimously reversed, on the law, the judgment is vacated and the matter is remitted for a new trial; and, judgments of the same court, rendered May 15, 1990, convicting the defendant, upon a plea of guilty, of criminal sale of a controlled substance in the fifth degree under Indictment Number 7202/89, and adjudicating him, upon a plea of guilty under Superior Court Information Number 8447/88, in violation of probation imposed upon a judgment rendered December 21, 1988, convicting him of criminal possession of a controlled substance in the fourth degree, and sentencing him to concurrent terms of imprisonment of from 2 to 4 years and 1 year, respectively, to run concurrent to the sentence imposed under Indictment Number 6553/89, unanimously affirmed.

After a jury trial, the defendant was convicted of criminal sale of a controlled substance in the third degree under Indictment Number 6553/89. In response to the prosecutor's application to close the courtroom during the undercover officer's testimony, defense counsel objected on the ground that closure would violate his client's right to a public trial. The court granted the application, concluding that because the officer lived in the community in which she worked, which was in the vicinity of the courthouse, there might be people in the courtroom who would know her.

We agree with the defendant that the Supreme Court violated his right to a public trial when, over defense counsel's objection, it closed the courtroom during the testimony of the undercover officer. An accused is guaranteed the right to a public trial (US Const 6th, 14th Amends; *see also,* Civil Rights Law § 12; Judiciary Law § 4). Therefore, the discretion to limit the public nature of judicial proceedings is to be "sparingly exercised and then, only when unusual circumstances necessitate it" *(People v Hinton,* 31 NY2d 71, 76, *cert denied* 410 US 911). While a courtroom may be closed during the testimony of undercover officers when their public appearance would

endanger their lives or seriously damage other investigations, absent real jeopardy, an undercover officer's testimony, without more, does not justify closure *(People v Jones,* 47 NY2d 409, 414, *cert denied* 444 US 946). No closing is permissible without first conducting "an inquiry careful enough to assure the court that the defendant's right to a public trial is not being sacrificed for less than compelling reasons" *(supra,* at 414-415; *People v Clemons,* 78 NY2d 48, 52).

Closure determinations must first be preceded by a careful examination of the competing interests at stake in the specific context of the individual case *(People v Clemons, supra,* at 52; *Globe Newspaper Co. v Superior Ct.,* 457 US 596, 607-608). A court must articulate its reasons for ordering closure on the record and express them in " 'findings specific enough [so] that a reviewing court can determine whether [that] order was properly entered' " *(Waller v Georgia,* 467 US 39, 45, quoting *Press-Enter. Co. v Superior Ct.,* 464 US 501, 510; *see also, People v Clemons, supra,* at 52).

The Supreme Court violated these tenets. There is nothing in the record to indicate that a hearing was conducted nor was there an inquiry made of the undercover officer or the prosecutor *(see, People v Cuevas,* 50 NY2d 1022; *People v Jones, supra; People v Stanton,* 108 AD2d 688). Although active engagement in the community as an undercover officer is a compelling reason for closing the courtroom, the court did not elicit the facts of such engagement from the officer herself *(cf., People v Santos,* 154 AD2d 284, *lv denied* 75 NY2d 817). The court only articulated its reasons for closure in response to a request from defense counsel. It did not, however, disclose the source of its information, the reliability of which defense counsel was precluded from challenging.

Because the defendant was denied his constitutional right to a public trial, his conviction under Indictment Number 6553/89 must be reversed and a new trial ordered. While we note that the guilty pleas under Indictment Number 7202/89 and Superior Court Information Number 8447/88 ordinarily would not be sustained because they were based on the promise that the sentences relating to the guilty pleas would be concurrent with the sentence imposed at trial *(see, People v Taylor,* 80 NY2d 1, 15; *see also, People v Boston,* 75 NY2d 585, 589; *People v Fuggazzatto,* 62 NY2d 862, 863), we affirm the judgments on those pleas based on the defendant's explicit waiver of his right to have these pleas vacated in the event of a new trial.

In light of the foregoing we do not reach the defendant's

remaining contention. Concur—Milonas, J. P., Rosenberger, Rubin and Nardelli, JJ.