■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER WALKER, Appellant. [637 NYS2d 520] —Spain, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered March 8, 1994, convicting defendant upon his plea of guilty of the crimes of attempted murder in the second degree, criminal use of a weapon in the first degree (two counts), reckless endangerment in the first degree and assault in the first degree.

On March 7, 1994, defendant was convicted, following trial, of the crime of criminal sale of a controlled substance in the third degree and sentenced to a term of 6 to 20 years' imprisonment. The next day, defendant agreed to a plea bargain relating to five unrelated pending charges set forth in a separate indictment. Pursuant to the terms of the plea bargain, defendant would plead guilty to the five charges set forth in the second indictment in exchange for which the sentences imposed would run concurrently with the prison term imposed upon his conviction of criminal sale of a controlled substance in the third degree.

Defendant was accordingly sentenced upon his guilty pleas to prison terms of $8^1/_3$ to 25 years for second degree attempted murder, $8^1/_3$ to 25 years for each of the two counts of first degree criminal use of a weapon, $2^1/_3$ to 7 years for first degree reckless endangerment and 5 to 15 years for first degree assault. All five sentences were to run concurrently with each other and with the sentence imposed on defendant's previous conviction.

This Court subsequently reversed the judgment convicting defendant of third degree criminal sale of a controlled substance, remitting the matter for a new trial on the ground that defendant had been deprived of a fair trial by certain evidentiary rulings made by County Court (*see, People v Walker,* 217 AD2d 856). Defendant contends in the context of the instant appeal that the judgment convicting him upon his guilty pleas must also be reversed on the ground that he was induced to plead guilty by the prosecution's promise that the

resulting sentences would run concurrently with the sentence imposed for his prior conviction, a conviction which has since been reversed by this Court.

Our review of the record, however, indicates that defendant's guilty pleas to the charges in the second indictment were not related to his prior conviction with the exception of the plea bargain agreement that the prison terms resulting therefrom would run concurrently. It is evident that defendant's guilty pleas were voluntary, uncoerced, and knowingly and intelligently made; that he was represented by competent counsel throughout the proceedings; and that the prosecution abided by its promise regarding the concurrency of the sentences imposed. We can find no justification for enabling defendant to profit from the reversal of one judgment of conviction by reversing a subsequent judgment based on unrelated charges (*see, People v Lowrance*, 41 NY2d 303, 304; *cf., People v Clark*, 45 NY2d 432, 440). We have examined defendant's remaining contentions and find them to be without merit.

Cardona, P. J., Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.