(October 1, 2002)

■ The People of the State of New York, Appellant, v Juan Carlos Pichardo, Respondent. [748 NYS2d 545] —Order, Supreme Court, Bronx County (Robert Straus, J.), entered on or about March 30, 2001, which granted defendant's motion pursuant to CPL 440.10 to vacate the judgment, same court and Justice, rendered December 5, 1994, convicting defendant, upon his guilty plea, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 1 to 3 years, unanimously reversed, on the law, the motion denied and the judgment of conviction reinstated.

Before defendant entered his plea of guilty to criminal sale of a controlled substance in the third degree, in satisfaction of a Bronx County indictment, it appears that he had been sentenced in New York County to a term of 20 years to life on a conviction, after a jury trial, for murder in the second degree, an unrelated charge. At his plea hearing in Bronx County, defendant was promised that the sentence on his guilty plea would be concurrent with any sentence he was serving on his New York County conviction. After defendant was sentenced in Bronx County in accordance with his plea agreement, the New York County conviction was vacated on grounds of ineffective assistance of counsel, and defendant was acquitted of the murder charge following a retrial. Bronx County Supreme Court then granted defendant's motion to vacate his guilty plea on the ground that it had been induced by a promise that the sentence would run concurrently with the sentence based on the New York County conviction.

Defendant's motion to vacate his guilty plea should not have been granted. Notwithstanding the promise of a concurrent sentence, the record establishes that the convictions were not so inextricably intertwined as to require vacatur of the Bronx

County guilty plea upon defendant's acquittal after his retrial on the New York County indictment. Among other things, the two indictments were unrelated, were never consolidated, were filed in different counties, and were the subject of proceedings before different judges. Moreover, the guilty plea was entered in Bronx County after defendant had been sentenced in New York County. The totality of these circumstances serves to distinguish this case from prior decisions in which guilty pleas induced by promises of concurrent sentences have been vacated (*see e.g. People v Taylor*, 80 NY2d 1, *revg* 174 AD2d 430 [briefs indicate that guilty plea was entered prior to sentencing on trial conviction in same county]; *People v Boston*, 75 NY2d 585 [both convictions were rendered simultaneously by same court]; *People v Fuggazzatto*, 62 NY2d 862, *modfg* 96 AD2d 538 [indictments were originally consolidated before same court, same judge rendered both convictions, and same speedy trial issue affected both indictments]; *People v Olivero*, 272 AD2d 174, *lv denied* 95 NY2d 937 [both convictions were rendered simultaneously by same court]; *People v Ulloa*, 260 AD2d 212 [same]). We further note that the court told defendant at the plea hearing that the sentence on the plea would be concurrent "with any other sentence being served," which, on its face, appears to be a promise of a concurrent sentence only in the event there is another sentence to be served. In short, under all the circumstances, there is no warrant for permitting this defendant "to profit from the reversal of one judgment of conviction by reversing a subsequent judgment based on unrelated charges" (*People v Walker*, 224 AD2d 781, 782, *lv denied* 88 NY2d 970). Concur—Williams, P.J., Andrias, Lerner, Rubin and Friedman, JJ.