■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS HOOPER, Appellant. [753 NYS2d 907] —Appeal from a judgment of Erie County Court (McCarthy, J.), entered July 23, 1991, convicting defendant upon his plea of guilty of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: We previously granted defendant's motion for a writ of error coram nobis (*People v Hooper,* 289 AD2d 1097), vacating our prior order in *People v Hooper* (245 AD2d 1021, *lv denied* 91 NY2d 942) in which we affirmed a judgment convicting defendant upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). The sole contention of defendant on this appeal de novo is that his plea of guilty to manslaughter must be vacated pursuant to *People v Fuggazzatto* (62 NY2d 862) and *People v Clark* (45 NY2d 432, 440, *rearg denied* 45 NY2d 839) because it was conditioned on the sentence running concurrently with the sentence imposed on his conviction of attempted criminal possession of a weapon in the third degree (§§ 110.00, 265.02 [2]) that we reversed by our order in *People v Hooper* (245 AD2d 1020). We reject that contention. The record establishes that defendant pleaded guilty to one count of attempted criminal possession in the third degree on each of two indictments and on November 28,

1990 was sentenced as promised to two indeterminate terms of incarceration, each of which had a maximum of 4 years. The second sentence was to run consecutively to the first. On June 10, 1991, as his trial on the instant indictment charging him with murder in the second degree (§ 125.25 [1]) was about to begin, defendant pleaded guilty to manslaughter in the first degree pursuant to an agreement that he would be sentenced to a term of incarceration of 7 to 21 years, to run concurrently with the two prior sentences. All three judgments of conviction were appealed to this Court. On December 31, 1997, we reversed one of the judgments of conviction of attempted criminal possession in the third degree (*Hooper,* 245 AD2d 1020) and the indictment underlying that conviction was thereafter dismissed because the sentence had been fully served. We affirmed the other two judgments of conviction (*Hooper,* 245 AD2d 1021; *People v Hooper,* 245 AD2d 1152) but, as previously noted, we granted defendant's motion for a writ of error coram nobis with respect to one of those judgments (*Hooper,* 289 AD2d 1097).

At sentencing on the two prior indictments, defendant told County Court that he had already been incarcerated for 14 months. The sentences imposed on those indictments had a combined maximum of eight years and, with jail time credit, were both fully served before one of the judgments of conviction was reversed on December 31, 1997. Thus, the plea commitment was fulfilled (*cf. People v Boyle,* 164 AD2d 938, 939-940), and "[w]e can find no justification for enabling defendant to profit from the reversal of one judgment of conviction by reversing a subsequent judgment based on unrelated charges" (*People v Walker,* 224 AD2d 781, 782, *lv denied* 88 NY2d 970). Present—Pigott, Jr., P.J., Pine, Hurlbutt, Gorski and Lawton, JJ.