[802 NE2d 141, 769 NYS2d 791]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN
CARLOS PICHARDO, Appellant.

Argued October 23, 2003; decided December 2, 2003

## POINTS OF COUNSEL

*Legal Aid Society Criminal Appeals Bureau,* New York City (*Deepa Rajan* and *Andrew C. Fine* of counsel), for appellant. Defendant's guilty plea should be vacated because he pleaded guilty in exchange for the express promise of a lesser sentence concurrent with the sentence on a judgment of conviction that has since been vacated. (*People v Clark,* 45 NY2d 432; *People v Lowrance,* 41 NY2d 303; *People v Taylor,* 80 NY2d 1; *People v Boston,* 75 NY2d 585; *People v Fuggazzatto,* 96 AD2d 538, 62 NY2d 862; *People v Rogers,* 48 NY2d 167; *People v Coles,* 62 NY2d 908; *People v Rolston,* 50 NY2d 1048; *People v Harris,* 48 NY2d 208; *People v Riale,* 274 AD2d 971.)

*Robert T. Johnson, District Attorney,* Bronx (*Cynthia J. Pree* and *Joseph N. Ferdenzi* of counsel), for respondent. Defendant's conviction for criminal sale of a controlled substance in the third degree should not be vacated, where the state's sentencing promise made to defendant, a term of 1 to 3 years running concurrent to an unrelated conviction, has been kept. (*People v Lowrance,* 50 AD2d 769, 41 NY2d 303; *People v Clark,* 45 NY2d 432; *People v Fuggazzatto,* 96 AD2d 538, 62 NY2d 862; *People v Rogers,* 63 AD2d 867, 48 NY2d 167; *People v Boston,* 75 NY2d 585; *People v Taylor,* 174 AD2d 430, 80 NY2d 1; *People v Huertas,* 85 NY2d 898; *People v Hood,* 62 NY2d 863; *People v Olivero,* 272 AD2d 174; *People v Walker,* 224 AD2d 781.)

### OPINION OF THE COURT

Chief Judge KAYE.

On November 14, 1994, in Supreme Court, New York County, defendant was sentenced to 20 years to life imprisonment after having been found guilty of murder in the second degree. On that day, defendant filed a notice of his intent to appeal.[1] Precisely one week later defendant was produced in Supreme Court, Bronx County, in connection with an indictment for criminal sale of a controlled substance in the third degree (one count)

---

1. On October 11, 1995, Daniel L. Greenberg, Esq. was assigned as counsel for defendant for purposes of the appeal (*see People v Pichardo,* 1st Dept, Oct. 11, 1995, M-4651, Indictment No. 1883/94).

and criminal possession of a controlled substance in the third degree (two counts), carrying a possible maximum sentence of $8^{1}/_{3}$ to 25 years; these were defendant's only arrests.

In Bronx County, defendant agreed to plead guilty to the top count of the indictment in exchange for a sentence of 1 to 3 years to run concurrently with the murder sentence. Defendant pleaded guilty to criminal sale of a controlled substance in the third degree, admitting that on January 5, 1994, he sold one bag of cocaine to an undercover officer in exchange for $20; he was subsequently sentenced to 1-to-3 years' imprisonment.

On June 24, 1998, defendant's appellate attorney moved to vacate his murder conviction, arguing that he had been denied effective assistance of trial counsel.[2] On January 11, 2000, the Judge who had presided over the trial vacated defendant's murder conviction and ordered a new trial, concluding that he had not received reasonably competent representation and that counsel's errors seriously compromised defendant's right to a fair trial.[3] The court noted that counsel seemed to be unfamiliar with important *Rosario* material in his possession, failing to impeach the People's primary witness—the only witness connecting defendant to the shooting—and never calling potentially exculpatory witnesses to challenge that identification. In vacating the murder conviction, the Trial Judge coupled these failures with defense counsel's "regrettable ignorance of basic principles of criminal law, his failure to recognize the appropriate scope of cross-examination of his client before putting him on the witness stand, and his failure to effectively challenge the People's identification evidence, misidentification being a defense entirely compatible with and ordinarily accompanying the defense of alibi."

On June 15, 2000 defendant was retried and acquitted of the murder. By this time, he had fully served the 1-to-3-year drug sentence.

Days after his acquittal, defendant brought a CPL 440.10 motion to vacate his Bronx County conviction on the ground that

---

**2.** In a letter to the 440 motion court, dated June 7, 1999, defendant's appellate attorney explained that he had "not yet filed a brief on appeal because resolution of the CPL 440.10 motion is integral to resolution of the appeal." The court subsequently held a hearing on defendant's motion.

**3.** Defendant also claimed that *Brady* material was wrongfully withheld by the People. While the court agreed the People failed to turn over this material—inadvertently—it held that the failure to recognize or explore the potential of this material was defense counsel's alone, and another example of his ineffectiveness.

his plea had been induced by the promise that his sentence would run concurrently with the New York County sentence, since set aside. Supreme Court granted defendant's motion, finding that the "appellate court consistently vacated guilty pleas which were induced by a promise of a concurrent sentence following the reversal of the original conviction without noting whether the later sentence had already been served" (internal citations omitted).

The Appellate Division reversed and reinstated defendant's Bronx conviction based on the "totality of these circumstances," citing unrelated indictments in different counties before different judges (298 AD2d 101, 102 [1st Dept 2002]). The Appellate Division further noted that when defendant pleaded guilty in Bronx County the court stated that the sentence would be concurrent "with any other sentence being served," which on its face appeared to promise a concurrent sentence only if there was another sentence to be served (*id.*). We now reverse and reinstate the order of Supreme Court, Bronx County, vacating the plea. .

## Discussion

This Court on several occasions has concluded that when a guilty plea is induced by the court's explicit promise that the defendant will receive a lesser sentence to run concurrently with a sentence in another case, and that conviction is overturned, the defendant may withdraw his plea and face the indictment, since the promise cannot be kept (*see People v Taylor*, 80 NY2d 1 [1992]; *People v Boston*, 75 NY2d 585 [1990]; *People v Fuggazzatto*, 62 NY2d 862 [1984]; *People v Rogers*, 48 NY2d 167 [1979]; *People v Clark*, 45 NY2d 432 [1978]). In all of these cases, defendants raised no challenge to the validity of their pleas—concededly they had admitted their guilt before the court, including factual details of the crimes charged. What was in issue was the fundamentally changed condition that induced their admission of guilt: a sentencing promise based on an explicit understanding that, by virtue of the plea, there would be no additional prison time.

When it is unclear that such a promise was made, vacatur of the plea is unwarranted (*see People v Lowrance*, 41 NY2d 303, 304 [1977]). Were the Appellate Division correct in suggesting ambiguity in the plea arrangement now before us, the result might well be otherwise. Here, however, the Bronx court was crystal-clear in promising a sentence concurrent with the New

York County sentence. As the Judge told defendant in imposing a 1-to-3-year sentence, "that sentence runs concurrent or together with the sentence you are now serving." Indeed, the Judge himself several times underscored that point.

In our Court, the People's argument centers on the fact that, having completed his drug sentence concurrently with time being served for murder, defendant actually received what he bargained for; thus, the promise was in fact fulfilled. But the fortuity of timing cannot be determinative of the issue, as it was not in *Boston* or *Fuggazzato*, where defendants also had served out their lesser sentences by the time they sought vacatur of their pleas. It cannot be that, in these circumstances, a plea may be vacated if defendant happens still to be serving the lesser sentence, and otherwise not.[4]

What changed essentially here were the facts that induced defendant's plea. In effect, when the murder conviction was vacated, defendant's "concurrent" time became a nullity—in the eyes of the law, it is as if he served no time at all on the murder, and his sentence on the drug charge stood alone, based on an unfulfilled and unfulfillable promise. On this record, we cannot say that defendant would have foregone pretrial and trial rights and pleaded guilty to the top count of the Bronx County indictment—based on the sale of a $20 bag of cocaine to an undercover officer—had it not been for the New York County conviction for murder, of which he now stands acquitted.

Finally, for the future, we note that a better practice might be for the parties in similar circumstances to spell out, on the record, the consequences that will follow upon vacatur of the conviction (*see People v Rivera*, 195 AD2d 389, 390 [1st Dept 1993]).

Accordingly, the order of the Appellate Division should be reversed and the order of Supreme Court, Bronx County, vacating the plea reinstated.

GRAFFEO, J. (dissenting). We respectfully dissent because we do not believe that the Appellate Division erred in concluding that defendant was not entitled to vacatur of his conviction of criminal sale of a controlled substance in the third degree. We

---

4. It would, for example, be wholly arbitrary to permit a defendant with days or weeks remaining on a sentence to seek vacatur of his conviction, but to deny that remedy to a defendant whose sentence had just been completed. CPL 440.10 (1) expressly permits the filing of a motion to vacate *"[a]t any time* after the entry of a judgment" (emphasis added).

would therefore affirm the Appellate Division's determination to reinstate the drug-sale conviction.

In November 1994, defendant pleaded guilty to selling cocaine in return for a 1-to- 3-year prison sentence that would run concurrently with a previously imposed sentence for a second-degree murder conviction. After defendant completed the term of imprisonment for the drug sale, his murder conviction was vacated and, in June 2000, he was acquitted on retrial of all charges pertaining to the homicide. Supreme Court subsequently vacated the drug conviction, concluding that it had been induced by the promise of a sentence that would be concurrent to the overturned murder conviction.

We agree with the majority that this Court has permitted plea vacatur where a guilty plea was induced by a promise to allow a defendant to receive a lesser sentence intended to run concurrently with a sentence imposed for another crime and that prior conviction is later vacated (*see e.g. People v Taylor*, 80 NY2d 1, 15 [1992]). In this case, however, we believe that vacatur is unwarranted because the lesser sentence was completed while defendant was serving a concurrent sentence and it is not manifestly unjust to hold defendant to his negotiated plea.

In *People v Fuggazzatto* (62 NY2d 862 [1984]), two indictments were filed simultaneously and were therefore subject to identical time periods for the People to announce their readiness for trial under CPL 30.30. The defendant's CPL 30.30 motion to dismiss the indictments for untimely prosecution was denied and he elected to proceed to trial on the first indictment. After being convicted, the defendant pleaded guilty to the second indictment in exchange for a sentence that "would run concurrently with and not exceed the first." On appeal of the first conviction, the Appellate Division reversed, concluding that the People failed to comply with CPL 30.30. This Court agreed. Having entered a guilty plea to the second indictment, however, the defendant had waived his right to raise the CPL 30.30 issue with respect to that conviction on appeal (*see People v Savage*, 54 NY2d 697, 698 [1981]). Because it would have been manifestly unjust to deprive the defendant of that relief, this Court concluded that vacatur of the plea was appropriate even though the concurrent sentence had been completed.

*People v Boston* (75 NY2d 585 [1990]) similarly illustrates circumstances under which it would be unfair to allow a plea to stand. The defendant in *Boston*—a 15-year-old boy—was indicted for attempted intentional murder in the second degree,

first-degree assault and criminal possession of a weapon in the fourth degree. With the defendant's consent, the People filed a superior court information charging one count of attempted depraved indifference murder based on the same criminal incident. After consolidation of the superior court information and the indictment, the defendant pleaded guilty to attempted depraved indifference murder and first-degree assault in return for two concurrent indeterminate prison terms. This Court overturned the attempted murder conviction on the ground that the defendant's waiver of indictment was not in accord with CPL 195.10. The assault conviction was vacated as well because the assault was inextricably related to the murder, both having stemmed from the same criminal incident.

The same cannot be said in this case. Defendant pleaded guilty to a crime that was completely unrelated to the murder charge. He knowingly and voluntarily admitted that he sold cocaine and, in exchange, received the most lenient sentence allowed by law—1 to 3 years of imprisonment—rather than the $8^{1}/_{3}$ to 25-year maximum sentence that could have been imposed. The prison term ran concurrently with the sentence imposed for the prior murder conviction, as defendant was promised, and he completed the drug-sale sentence well before the murder conviction was overturned (cf. *People v Hooper*, 302 AD2d 894, 895 [4th Dept 2003]). In other words, defendant received the full benefit of his negotiated bargain. Because the drug and murder prosecutions stemmed from unrelated incidents, the charges did not share any common defenses or procedural avenues of relief, and the concurrent murder sentence remained in full force until defendant completed his drug-sale sentence, there is nothing manifestly unfair about allowing the drug conviction to stand. In addition, it has now been almost a decade since defendant's plea allocution, and this lapse of time will undoubtably impede the People's ability to retry defendant.

Finally, there was no showing in the record that defendant would not have pleaded guilty and accepted the People's offer if he had not been convicted of murder. The evidence against defendant was compelling, he received the most advantageous sentence possible and, most significantly, neither defendant nor his counsel suggested that defendant did not, in fact, sell the cocaine. In his motion to vacate the plea, defendant did not assert that he had a meritorious defense or contend that he would not have pleaded guilty if not for the murder conviction (*see*

*generally People v McDonald*, 1 NY3d 109, 115 [2003]). Under the circumstances of this case, because defendant received the full benefit of his bargain and it would not be manifestly unfair to allow the plea to stand, we conclude that the Appellate Division did not abuse its discretion in finding insufficient justification to grant defendant's motion.

Judges CIPARICK, ROSENBLATT and READ concur with Chief Judge KAYE; Judge GRAFFEO dissents and votes to affirm in a separate opinion in which Judge G.B. SMITH concurs.

Order reversed, etc.