■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND C. GEORGE, Appellant. [881 NYS2d 179]—

Peters, J. Appeal from a judgment of the County Court of Schoharie County (Bartlett III, J.), rendered October 8, 2003, convicting defendant upon his plea of guilty of the crimes of attempted rape in the first degree, rape in the second degree (two counts) and criminal sale of marihuana in the second degree (three counts).

Defendant was convicted of murder in the second degree and sentenced to a prison term of 25 years to life on January 13, 2003. Approximately 10 months later, in full satisfaction of a 363-count indictment arising out of actions unrelated to his murder conviction, he pleaded guilty to three counts of criminal sale of marihuana in the second degree, two counts of rape in the second degree and one count of attempted rape in the first degree and was sentenced, as a second felony offender, to an aggregate prison term of 10 to 12 years. Pursuant to the negotiated plea agreement, such sentence was to run consecutively to

the sentence imposed as a result of defendant's conviction for murder in the second degree. However, inasmuch as this Court has since reduced that conviction to manslaughter in the second degree, vacated the sentence imposed thereon and remitted the matter to County Court for resentencing (43 AD3d 560 [2007]), defendant—on this appeal—asserts an entitlement to withdrawal of his guilty plea.

We disagree. Although a defendant is entitled to withdraw a guilty plea if such a plea has "been induced by a promise that the defendant's prison sentence would be concurrent with his sentence on a previous conviction and where, because the previous conviction has been overturned, the promise could not be kept" (*People v Rowland*, 8 NY3d 342, 343 [2007]), there is no corresponding entitlement when the imposed sentences are to run consecutively to one another (*see generally Matter of Murray v Goord*, 1 NY3d 29, 31 [2003]; *People v Murray*, 268 AD2d 349, 350 [2000], *lv denied* 95 NY2d 801 [2000]). Indeed, inasmuch as a defendant subject to consecutive sentences undeniably benefits when one such sentence is removed or reduced, the question "whether the removal or reduction of the preexisting sentence nullified a benefit that was expressly promised and was a material inducement to the guilty plea" (*People v Rowland*, 8 NY3d at 345) is inapplicable in the context of consecutive sentences. Here, for instance, as a result of this Court's decision reducing his conviction for murder in the second degree to manslaughter in the second degree, the length of time defendant is to serve in prison has been diminished by a minimum of 10 years (*see* Penal Law § 70.04 [3] [b]).

Furthermore, during his plea allocution, County Court expressly informed defendant that the sentence it would impose would be "consecutive to any undischarged sentence" and defendant indicated he understood what the term "consecutive" meant (*cf. People v George*, 59 AD3d 858, 859 [2009]). Moreover, defense counsel acknowledged that defendant was entering into the plea agreement based, in part, on his confidence that he would prevail on the appeal of his conviction for murder in the second degree.

Cardona, P.J., Lahtinen, Kane and Garry, JJ., concur. Ordered that the judgment is affirmed.