# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

574

KA 09-01627

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                         MEMORANDUM AND ORDER

ROBIN KALINOWSKI, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered February 25, 2009. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting her upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and, in appeal No. 2, defendant appeals from a judgment convicting her upon her plea of guilty of conspiracy in the second degree (§ 105.15). With respect to appeal No. 1, defendant contends that she is entitled to a new trial based on County Court's failure to comply with CPL 310.30 in handling the first note from the jury. We agree. At the commencement of jury deliberations, the attorneys and the court agreed that, if the jury requested certain items of evidence, the court would provide the jury with the evidence without first reassembling the parties in the courtroom. The first jury note read: "The jury would like further clarification of the path of the bullet. Does the autopsy report clarify the exact path of the bullet wound in the decedent['s] head - if so, can we please hear/see the path of the wound and/or autopsy report." The court did not read the jury note into the record, nor did it respond to the note on the record. In fact, there is no indication in the record that defendant or her attorney was even apprised of the note or its content. Thus, it is clear that the court failed to comply with the mandates of CPL 310.30 (*see generally People v O'Rama*, 78 NY2d 270, 276-278).

We reject the contention of the People that the court's handling of the jury note was proper pursuant to the stipulation entered at the

commencement of jury deliberations.  The jury did not merely request the autopsy report or another exhibit in its first note.  Rather, as defendant correctly notes, the note can fairly be interpreted as requesting a readback of the testimony of the Chief Medical Examiner, who testified extensively concerning the path of the bullet in the victim's head.  At the very least, the note is ambiguous as to whether the jury was requesting a readback of certain testimony, as opposed to or in addition to the autopsy report, and we conclude that the court should therefore have notified the attorneys of the note and afforded them an opportunity to be heard with respect to an appropriate response.  Although defendant did not object to the court's handling of the first jury note, preservation is not required because the court failed to comply "with its core responsibilities under CPL 310.30" and thereby committed a mode of proceedings error (*People v Tabb*, 13 NY3d 852, 853; *see People v Kisoon*, 8 NY3d 129, 135; *see generally O'Rama*, 78 NY2d at 276-277).

Defendant further contends in appeal No. 1 that the indictment should be dismissed because the evidence is legally insufficient to establish that she intended to kill the victim.  We reject that contention inasmuch as the People presented ample evidence of defendant's intent to kill.  Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we also reject defendant's contention that the verdict is against the weight of the evidence.  Even assuming, arguendo, that a different verdict would not have been unreasonable, we cannot conclude that the jury failed to give the evidence the weight it should be accorded (*see People v Kalen*, 68 AD3d 1666, 1667, *lv denied* 14 NY3d 842; *see generally People v Bleakley*, 69 NY2d 490, 495).  Because defendant is entitled to a new trial based on the court's failure to comply with CPL 310.30, we need not address her remaining contentions in appeal No. 1.

With respect to appeal No. 2, defendant contends that, in the event that she is entitled to a new trial on the murder charge, her plea of guilty to conspiracy in the second degree must be vacated.  We reject that contention.  Defendant was charged with conspiracy in the second degree and criminal solicitation in the second degree (Penal Law § 100.10) based on her efforts to hire someone to kill her former paramour so that he would be unable to testify at the murder trial.  After defendant was convicted of murder and sentenced to a term of imprisonment of 25 years to life, defendant pleaded guilty to conspiracy in the second degree and the court promised to sentence her to a concurrent term of imprisonment.  Defendant was informed prior to sentencing that her conspiracy conviction would stand even in the event that she was successful on her appeal from the judgment convicting her of murder, and defense counsel acknowledged that defendant was aware of the same when she pleaded guilty.  Defendant therefore is not entitled to vacatur of her plea inasmuch as reversal of the murder conviction and removal of the sentence imposed thereupon does not nullify "a benefit that was expressly promised and was a

material inducement to the guilty plea" (*People v Rowland*, 8 NY3d 342, 345; *see generally People v Pichardo*, 1 NY3d 126,129-130).

Entered:  May 6, 2011                          Patricia L. Morgan
                                               Clerk of the Court