The People of the State of New York, Respondent, 
against
Ronald Scrima, Defendant-Appellant.



In consolidated criminal appeals, defendant appeals from (1) a judgment of the Criminal Court of the City of New York, New York County (Lisa A. Sokoloff, J.), rendered October 7, 2015, convicting him, upon a plea of guilty, of criminal contempt in the second degree, and imposing sentence, and (2) a judgment of the same court (Steven M. Statsinger, J.), rendered November 9, 2015, convicting him, upon a plea of guilty, of criminal contempt in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Lisa A. Sokoloff, J.), rendered October 7, 2015, reversed, on the law, accusatory instrument dismissed, and fine and surcharge, if paid, remitted. Judgment of conviction (Steven M. Statsinger, J.), rendered November 9, 2015, reversed, on the law, the plea vacated and matter remanded to Criminal Court for further proceedings.
Reversal of the judgment convicting defendant of criminal contempt in the second degree under docket number 2015NY063530 is mandated since, as the People concede, the allegations in the accusatory instrument were jurisdictionally insufficient to meet the elements of the charged crime.
Inasmuch as defendant's plea of guilty to second degree criminal contempt under docket number 2015NY046250 was induced by the promise that the sentence would run concurrently with that imposed under docket number 2015NY063530, the People concede that reversal of the judgment under docket number 2015NY063530 requires reversal of the judgment on docket number 2015NY046250 (see People v Rowland, 8 NY3d 342 [2007]; People v Pichardo, 1 NY3d 126, 129 [2003]). Although defendant has completed his sentence, we decline his invitation to dismiss this accusatory instrument. It cannot be said that no penological purpose would be served by reinstating the proceeding (see People v Conceicao, 26 NY3d 375, 385 n 1 [2015]; People v Teron, 139 AD3d 450 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT
I concur I concur I concur
Decision Date: May 12, 2017