People v Freeman (2018 NY Slip Op 01703)





People v Freeman


2018 NY Slip Op 01703


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


8 KA 15-00250

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARCUS C. FREEMAN, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered December 4, 2014. The judgment convicted defendant, upon his plea of guilty, of rape in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of rape in the second degree (Penal Law § 130.30 [1]). We reject defendant's contention that his plea must be vacated pursuant to People v Fuggazzatto (62 NY2d 862 [1984]), which provides that where a defendant pleads guilty to a second indictment "on the understanding that the sentence imposed would run concurrently with and not exceed" the sentence imposed on the first indictment (id. at 863), the plea to the second indictment must be vacated where the sentence imposed on the first indictment has been set aside.
Here, we are modifying the judgment in People v Freeman (— AD3d — [Mar. 16, 2018] [4th Dept 2018]) by reversing those parts convicting defendant of counts two, three and six, vacating the sentences imposed thereon, and granting a new trial on those counts. Nevertheless, we are affirming the judgment with respect to count one, for which County Court imposed an indeterminate sentence of 25 years to life. We are also affirming the judgment with respect to counts seven and eight, for which the court imposed concurrent determinate sentences of 25 years. Inasmuch as the five-year sentence imposed on the conviction of rape herein will still run "concurrently with and not exceed" the sentence imposed on counts one, seven and eight in defendant's other appeal (Fuggazzatto, 62 NY2d at 863), we need not reverse the judgment.
Defendant further contends that his plea was not knowingly, voluntarily or intelligently entered because he was denied an adjournment to consider the plea offer and initially stated that he had not had enough time to talk with his attorney about the offer. Although such a contention survives a valid waiver of the right to appeal, we note that "defendant did not move to withdraw the plea or to vacate the judgment of conviction and thus failed to preserve that contention for our review" (People v Russell, 55 AD3d 1314, 1314-1315 [4th Dept 2008], lv denied 11 NY3d 930 [2009]). In any event, defendant's contention lacks merit. "[T]he fact that defendant was required to accept or reject the plea offer within a short time period does not amount to coercion" (id. [internal quotation marks omitted]; see People v Grimes, 53 AD3d 1055, 1056 [4th Dept 2008], lv denied 11 NY3d 789 [2008]).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court