People v Titus (2019 NY Slip Op 02589)





People v Titus


2019 NY Slip Op 02589


Decided on April 4, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 4, 2019

109608

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DANYEL J. TITUS, Appellant.

Calendar Date: February 13, 2019

Before: Garry, P.J., Egan Jr., Lynch, Devine and Rumsey, JJ.


G. Scott Walling, Slingerlands, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Mariah S. Foster, Law Intern), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered April 13, 2017, which revoked defendant's probation and imposed a sentence of imprisonment.
Defendant pleaded guilty to criminal mischief in the third degree and was sentenced to five years of probation. Thereafter, he was charged with violating the terms of his probation after he was arrested and charged with burglary in the third degree. As part of a global disposition involving the violation of probation charge, as well as a plea to the reduced charge of attempted burglary in the third degree, defendant, as is relevant here, admitted to the violation of probation. Defendant's probation was revoked and he was sentenced, in accordance with the terms of the plea agreement, to a prison term of 1&frac13; to 4 years, to be served concurrently with the sentence imposed in connection with the attempted burglary conviction. Defendant appeals.
The judgment must be reversed. Defendant's admission to the violation of probation was induced by the explicit promise that his sentence thereon would run concurrently with the attempted burglary sentence. This Court, however, has reversed the judgment convicting defendant of attempted burglary in the third degree (People v Titus, ___ AD3d ___ [decided herewith]). The reversal nullifies the express promise that materially induced defendant to admit to the violation of probation. Because "we cannot say that defendant would have . . . pleaded guilty to the [violation of probation charge] . . . had it not been for the [attempted burglary in the third degree] conviction," his plea to this charge must be vacated (People v Pichardo, 1 NY3d 126, 130 [2003]; see People v Rowland, 8 NY3d 342, 345 [2007]; People v Brewington, 162 AD3d 1105, 1106 [2018]; People v Price, 113 AD3d 883, 885 [2014]).
Garry, P.J., Lynch, Devine and Rumsey, JJ., concur.
ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.