People v Peterson (2020 NY Slip Op 04691)





People v Peterson


2020 NY Slip Op 04691


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, TROUTMAN, AND BANNISTER, JJ.


478 KA 15-00651

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEION PETERSON, DEFENDANT-APPELLANT. 






REEVE BROWN PLLC, ROCHESTER (GUY A. TALIA OF COUNSEL), FOR DEFENDANT-APPELLANT.
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered February 17, 2015. The judgment convicted defendant upon his plea of guilty of criminal sale of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, indictment No. 2014-042 is reinstated and the matter is remitted to Livingston County Court for further proceedings on indictment Nos. 2014-042 and
2014-172.
Memorandum: Defendant appeals from a judgment entered in Livingston County convicting him upon a plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). The plea satisfied another indictment pending against defendant in Livingston County (indictment No. 2014-042). Pursuant to the plea agreement, County Court sentenced defendant to a determinate term of imprisonment that was to run concurrently with a 10-year sentence previously imposed on defendant in Monroe County for criminal possession of a weapon in the second degree. We later reversed the Monroe County judgment and dismissed the indictment (People v Peterson, 159 AD3d 1588 [4th Dept 2018]). Defendant now contends, and the People correctly concede, that, inasmuch as his plea in Livingston County was induced by the promise of a concurrent sentence, which is no longer possible, the judgment must be reversed and the plea vacated (see People v Rowland, 8 NY3d 342, 345 [2007]; People v Pichardo, 1 NY3d 126, 129 [2003]; cf. People v Walker, 148 AD3d 1569, 1569 [4th Dept 2017], lv denied 29 NY3d 1088 [2017]; People v Kalinowski, 84 AD3d 1739, 1741 [4th Dept 2011]; see also People v Williams, 79 AD3d 1653, 1655 [4th Dept 2010], affd 17 NY3d 834 [2011]). This will result in the reinstatement of indictment No. 2014-042, which was satisfied by defendant's plea (see CPL 470.55 [2]; see generally People v Green, 56 AD3d 1238, 1239 [4th Dept 2008]).
Defendant further contends that the court erred in determining that indictment No. 2014-042 was supported by legally sufficient evidence and that the grand jury proceedings in that case were not defective. That contention is not properly before us on this appeal.
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court