People v White (2023 NY Slip Op 50321(U))

[*1]

People v White (Michael)

2023 NY Slip Op 50321(U)

Decided on April 13, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 13, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, James, JJ.

570856/18

The People of the State of New York, Respondent, 
against
Michael White, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Linda Poust Lopez, J.), rendered August 8, 2018, convicting him, upon his pleas of guilty, of one count of criminal possession of a controlled substance in the seventh degree and two counts of disorderly conduct, and imposing sentence.

Per Curiam.
Judgment of conviction (Linda Poust Lopez, J.), rendered August 8, 2018, modified to the extent of reversing the disorderly conduct convictions on Docket No. 2018BX019490 and Docket No. 2018BX025193 and dismissing the underlying accusatory instruments therein, and otherwise affirmed.
With respect to defendant's convictions under docket numbers 2018BX019490 and 2018BX025193, the People concede that the accusatory instruments under these docket numbers were facially insufficient and, consequently, agree that the judgments of conviction should be reversed and said accusatory instruments dismissed.
However, there is no basis for reversal of defendant's conviction under docket number 2018BX005623. No jurisdictional challenge is raised to the accusatory instrument under this docket number, and contrary to defendant's contention, his guilty plea to criminal possession of a controlled substance (see Penal Law § 220.03) thereunder was not induced by the understanding that the sentence would be concurrent with the sentence on one or both of the dismissed dockets (see People v Fuggazzatto, 62 NY2d 862 [1984]; People v Miller, 289 AD2d 158 [2001], lv denied 98 NY2d 639 [2002]). In any event, even if we accept defendant's claim that his plea under docket number 2018BX005623 was conditioned upon a promise of a concurrent sentence, the proper remedy would be to vacate the conviction and remand for further proceedings, since "the promise cannot be kept" (People v Pichardo, 1 NY3d 126, 129 [2003]). However, the only relief which the defendant requests is dismissal of that accusatory instrument rather than vacatur of the plea, and he expressly requests that this Court affirm this conviction if it does not grant a dismissal. Because we do not find that dismissal would be appropriate, we affirm on this basis as well (see People v Teron, 139 AD3d 450 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 13, 2023