People v Scott (2025 NY Slip Op 07170)

People v Scott

2025 NY Slip Op 07170

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, MONTOUR, SMITH, AND DELCONTE, JJ.

898 KA 23-01079

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vRANDALL SCOTT, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (WILLIAM T. EASTON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Meredith A. Vacca, J.), rendered May 9, 2023. The judgment convicted defendant upon a guilty plea of tampering with physical evidence. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of tampering with physical evidence (Penal Law § 215.40 [2]), arising out of allegations that he removed a gun from the vicinity of a shooting. We affirm.
Defendant's sole contention on appeal is that his plea must be vacated pursuant to People v Fuggazzatto (62 NY2d 862 [1984]) in light of our reversal of a judgment convicting defendant of an unrelated murder (People v Scott, — AD3d — [Dec. 23, 2025] [4th Dept 2025]). Initially, we note that defendant's contention, which goes to the voluntariness of the plea, survives even a valid waiver of the right to appeal (see People v Walker, 148 AD3d 1569, 1569 [4th Dept 2017], lv denied 29 NY3d 1088 [2017]; see also People v Griffin, 119 AD3d 605, 606 [2d Dept 2014]). We nevertheless reject defendant's contention on the merits. After defendant was convicted of the unrelated murder but before he was sentenced, defendant pleaded guilty to tampering with physical evidence and County Court promised to impose a sentence that would run concurrently with the sentence imposed on the murder conviction. Crucially, however, at the time of the plea, defendant was expressly informed that his tampering conviction would stand even if he succeeded on his appeal from the judgment convicting him of murder, and both defense counsel and defendant acknowledged their understanding of that term of the plea. Defendant thus is not entitled to vacatur of his plea inasmuch as the reversal of the judgment convicting him of murder and the removal of the sentence imposed on that conviction does not nullify "a benefit that was expressly promised and was a material inducement to the guilty plea" (People v Rowland, 8 NY3d 342, 345 [2007]; see generally People v Pichardo, 1 NY3d 126, 129-130 [2003]; People v Kalinowski, 84 AD3d 1739, 1741 [4th Dept 2011]).
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court