■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANONYMOUS, Appellant. [842 NYS2d 433]—

Order, Supreme Court, New York County (Robert H. Straus, J.), entered on or about September 16, 2005, which denied defendant's motion to be resentenced, unanimously affirmed.

In 1997, defendant was convicted of conspiracy in the first degree (Penal Law § 105.17). Although the conspiracy related to class A drug felonies, the court properly denied his motion because resentencing under the Drug Law Reform Act is only available to those persons who were convicted of offenses defined in article 220 of the Penal Law (*see* L 2004, ch 738, § 23).

While Penal Law § 5.00 provides that Penal Law provisions "must be construed according to the fair import of their terms to promote justice and effect the objects of the law," a court has

no power to rewrite a statute, or ignore an essential part of it to meet the circumstances of a particular case (*see People v Herskowitz*, 80 Misc 2d 693, 695 [1975], *affd* 51 AD2d 1047 [1976], *affd* 41 NY2d 1094 [1977]). "[C]ourts are obliged to interpret a statute to effectuate the intent of the Legislature, and when the statutory language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of [the] words used." (*People v Finnegan*, 85 NY2d 53, 58 [1995], *cert denied* 516 US 919 [1995] [internal quotation marks and citations omitted].)

"The failure of the Legislature to include a matter within a particular statute is an indication that its exclusion was intended" (*People v Tychanski*, 78 NY2d 909, 911 [1991] [citations omitted]). If the Legislature had intended to include conspiracy to commit drug offenses, it could have inserted the necessary language, and its failure to do so is presumed to be intentional (*see People v Pinkoski*, 300 AD2d 834, 836-837 [2002], *lv denied* 99 NY2d 631 [2003]). Concur—Mazzarelli, J.P., Saxe, Friedman, Marlow and Williams, JJ.