◼ The People of the State of New York, Respondent, v Michael Cagle, Appellant. [916 NYS2d 769]—

Order, Supreme Court, New York County (Edward J. McLaughlin, J.), entered on or about September 16, 2008, which denied defendant's motion to be resentenced under the Drug Law Reform Act (DLRA) of 2005 (L 2005, ch 643), unanimously affirmed.

In denying defendant's application made under the 2005 DRLA, the court correctly found that he was ineligible for resentencing on his second-degree conspiracy conviction because, regardless of the drug-related nature of the underlying conduct, he was not convicted of an offense defined in article 220 of the Penal Law (*see People v Caba*, 49 AD3d 380 [2008], *lv denied* 10 NY3d 957 [2008]; *People v Anonymous*, 43 AD3d 806 [2007]). After the court denied the motion, the Legislature enacted the 2009 DLRA (L 2009, ch 56). Defendant did not move for resentencing under the 2009 DLRA, and the issue of his eligibility under that statute is not properly before us on this appeal. In any event, since the 2009 statute contains the same language as its 2004 and 2005 predecessors restricting its

application to persons convicted of Penal Law article 220 offenses, defendant is plainly ineligible for resentencing, and his arguments to the contrary are without merit. Concur—Andrias, J.P., Sweeny, Moskowitz, DeGrasse and Abdus-Salaam, JJ.