THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MONROE, Appellant. [931 NYS2d 324]—

Defendant is not entitled to withdraw his guilty plea on the ground that his promised sentence ran concurrently with other sentences that were reduced as the result of defendant's resentencing motion. He is also not entitled to a reduction of his sentence.

In the conspiracy case at issue on this appeal, defendant was sentenced, as promised, nunc pro tunc, to a sentence of 6 to 12 years to run concurrently with an aggregate term of 4½ to 9 years imposed in 2006 for two convictions of third-degree criminal possession of a controlled substance. Thus, the conspiracy conviction effectively added 1½ to 3 years to the time defendant was already serving for the drug convictions.

In 2010, following defendant's successful CPL 440.46 motion, the Justice who had sentenced defendant on the drug convictions reduced those sentences to an aggregate term of three years, with two years' postrelease supervision. Defendant argues that since the gap between the conspiracy and drug sentences has now widened, "the removal or reduction of the preexisting sentence nullified a benefit that was expressly promised and was a material inducement to the guilty plea" (*People v Row-*

*land*, 8 NY3d 342, 345 [2007]; *see also People v Pichardo*, 1 NY3d 126 [2003]).

What distinguishes this case from *Rowland* and *Pichardo* is that defendant's drug convictions and sentences were never reversed on appeal or otherwise invalidated. Instead, defendant invoked the ameliorative provisions of the Drug Law Reform Act to obtain a more lenient sentence. A concurrent sentence that subsequently proves to be invalid cannot be equated with a valid concurrent sentence that is subsequently reduced as the result of a defendant's request for leniency. The former, but not the latter, may be viewed as an unfair inducement to plead guilty that affects the voluntariness of the plea.

The court also properly denied defendant's CPL 440.46 motion for resentencing on the conspiracy conviction. The statute applies only to convictions under article 220 of the Penal Law (CPL 440.46 [1]; *see also People v Cagle*, 81 AD3d 425 [2011]).

We have considered and rejected defendant's remaining arguments. Concur—Friedman, J.P., Catterson, Moskowitz, Freedman and Abdus-Salaam, JJ.