[988 NE2d 497, 965 NYS2d 762]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WIL-
LIAM MONROE, Appellant.

Argued February 7, 2013; decided April 2, 2013

APPEARANCES OF COUNSEL

*Center for Appellate Litigation*, New York City (*Claudia S. Trupp* and *Robert S. Dean* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Frank Glaser* and *Patrick J. Hynes* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, and the case remitted to Supreme Court for further proceedings in accordance with this memorandum.

On November 22, 2005, defendant William Monroe pleaded guilty to third-degree criminal possession of a controlled substance (Penal Law § 220.16 [1]), and third-degree criminal sale of a controlled substance (Penal Law § 220.39 [1]), both class B drug felonies. Defendant was sentenced to an indeterminate term of imprisonment of 4½ to 9 years for each crime, ordered to run concurrently; he began serving these sentences on January 9, 2006. Defendant was subsequently accused of participating in a narcotics trafficking conspiracy; the 41-count indictment charged him with second-degree conspiracy (Penal Law § 105.15) and several class B drug felonies alleged to have occurred as early as December 21, 2005 and as late as January 4, 2006. On August 10, 2007, defendant appeared before Supreme Court to plead guilty to a single count of conspiracy in full satisfaction of the indictment in exchange for an indeterminate sentence of 6 to 12 years in prison.

At the plea hearing, defendant hesitated when the judge asked him if he needed more time to discuss the decision to plead guilty with his attorney. After a pause in the proceedings for defendant and counsel to confer, the attorney advised the judge that his client was concerned about how the sentence offered by the People related to the sentences he was already serving. At the time, defendant legitimately expected to be released from prison at his earliest parole eligibility date: he had received no disciplinary tickets resulting in lost good time; he was successfully progressing through correctional programming as well as scoring high marks in his pre-general equivalency diploma

(GED) classes;* his teachers praised him for his interest, attitude and work habits. The attorney then stated his "understanding" that defendant would be "subject to an indeterminate sentence of six to 12 years and it [would] run concurrent to the term that he's presently serving." The judge replied, "Yes. And in addition it will run nunc pro tunc. That means the six to 12 will begin on the same day that the four and a half to nine began." Defendant replied, "I understand." The judge then specifically represented to defendant, "So it's an additional year and a half in effect before parole," and he responded, "Yes, I understand."

Following enactment of the Drug Law Reform Act of 2009 (L 2009, ch 56, part AAA, § 9, codified at CPL 440.46) (the DLRA), defendant sought relief from his sentences for the class B drug felonies. On April 16, 2010, the DLRA resentencing court granted his application, reducing both concurrent 4½-to-9-year indeterminate sentences to concurrent determinate sentences of three years, to be followed by two years of postrelease supervision.

In July 2010, defendant moved pursuant to CPL article 440 for an order vacating his plea to conspiracy and the resulting judgment of conviction and sentence, and resentencing him to a reduced determinate term of imprisonment. He argued that his plea was unknowing because induced by a promise that the agreed-to 6-to-12-year indeterminate sentence to be imposed would extend his earliest possible parole date by only a year and a half, as he was specifically assured by the judge at the plea hearing; after resentencing on the class B drug felonies, though, the gap between the minimum terms of incarceration doubled from the year and a half that he had counted on when he pleaded guilty to three years. Supreme Court denied defendant's motion, concluding that the resentencing for the class B drug felonies, while "reduc[ing] somewhat the benefit [defendant] expected to receive from his plea[, did] not render it unknowing or involuntary"; the Appellate Division affirmed (89 AD3d 429 [1st Dept 2011]). A Judge of this Court granted defendant leave to appeal (19 NY3d 865 [2012]), and we now reverse.

Defendant's plea to the conspiracy count was induced by the judge's specific representation to him that he would thereby extend his minimum incarceratory term by a year and a half

---

* Defendant subsequently received his GED in October 2008.

only. It simply cannot be said on this record that defendant, who was clearly working toward achieving the earliest release date possible, would have pleaded guilty absent this assurance. Generally, "when a guilty plea has been induced by an unfulfilled promise either the plea must be vacated or the promise honored, but . . . the choice rests in the discretion of the sentencing court" (*see People v McConnell*, 49 NY2d 340, 346 [1980]).

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH and PIGOTT concur; Judge RIVERA taking no part.

Order reversed and case remitted to Supreme Court, New York County, for further proceedings in accordance with the memorandum herein.