■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD PERALES, Appellant. [59 NYS3d 902]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gavrin, J.), rendered June 15, 2007, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was told by his attorney at the plea proceeding that he would receive certain good-time credit toward his sentence. This advice was incorrect, because the plea agreement called for the defendant to receive an indeterminate prison term, not a determinate prison term (*see* Correction Law § 803). At the sentencing proceeding, the defendant sought vacatur of his plea of guilty on the ground that he had been misled, but the court refused to allow him to withdraw his plea, and it sentenced him to the agreed-upon indeterminate prison term.

On this appeal, the defendant does not seek vacatur of his plea of guilty. He seeks only a reduction of his sentence, in the interest of justice, to make him eligible for release at the time he would have been released had his attorney's advice been correct.

Initially, we note that the defendant's current claim is not barred by the limited appeal waiver. Nevertheless, under the circumstances of this case, we decline to exercise our interest of justice jurisdiction to reduce the defendant's sentence (*see generally People v Monroe*, 21 NY3d 875, 878 [2013]; *cf.* CPL 470.15 [6] [b]). Eng, P.J., Balkin, Roman, Hinds-Radix and Brathwaite Nelson, JJ., concur.