People v Valerio (2019 NY Slip Op 07192)





People v Valerio


2019 NY Slip Op 07192


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


930 KA 17-00914

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIAM A. VALERIO, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (NATHANIEL V. RILEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), entered March 17, 2017. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, the motion is granted, the judgment of conviction is vacated, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Defendant pleaded guilty to criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]) in exchange for, inter alia, a determinate sentence of imprisonment to run concurrently with a sentence of imprisonment imposed on a prior unrelated conviction in Massachusetts. During the plea colloquy, Supreme Court assured defendant that, due to such concurrency, he would have to serve no more than 1½ years of additional prison time for the New York crime. Approximately four years after defendant was sentenced in accordance with the plea bargain, however, his prior sentence in Massachusetts was reduced in exchange for his cooperation in an unsolved homicide. Consequently, it became impossible to fulfill the New York court's promise that defendant would serve no more than 1½ years of additional prison time in order to satisfy the New York judgment. Defendant therefore moved to vacate the New York judgment pursuant to CPL article 440, but the court denied the motion without a hearing. A Justice of this Court granted defendant leave to appeal, and we now reverse.
We note at the outset that, contrary to the People's implicit contention, defendant's motion is not barred by CPL 440.10 (2) (c) inasmuch as the relevant ground for relief did not arise until several years after the deadline to file a direct appeal from the judgment had expired. Further, contrary to the court's determination, defendant's motion is not barred by CPL 440.10 (2) (b) inasmuch as he never filed a direct appeal from the judgment.
On the merits, it is well settled that, "[g]enerally, when a guilty plea has been induced by an unfulfilled promise either the plea must be vacated or the promise honored' " (People v Monroe, 21 NY3d 875, 878 [2013]). Here, the "reduction of the preexisting sentence nullified a benefit that was expressly promised and was a material inducement to the guilty plea" (People v Rowland, 8 NY3d 342, 345 [2007]), i.e., "the judge's specific representation [that defendant's guilty plea in New York] would thereby extend his [aggregate] incarceratory term by a year and a half only" (Monroe, 21 NY3d at 877-878). Consequently, we grant defendant's motion, vacate the judgment of conviction, and remit the matter to Supreme Court to either vacate defendant's guilty plea or impose a sentence that conforms with the plea bargain (see id.; see also Rowland, 8 NY3d at 344-345).
Defendant's remaining contentions are academic in light of our determination.
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court