People v Challenger
2026 NY Slip Op 03743
June 11, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Levi Challenger, Defendant-Appellant.

Decided and Entered: June 11, 2026
Ind No. 913/17|Appeal No. 6884|Case No. 2022-01451, 2025-03409|
Before: Kennedy, J.P., Scarpulla, Friedman, Mendez, Pitt-Burke, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (John L. Palmer of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Andrew Kim of counsel), for respondent.

[*1]
Judgment, Supreme Court, New York County (Curtis Farber, J.), rendered March 31, 2022, convicting defendant, upon his plea of guilty, of robbery in the second degree, and sentencing him, as a second felony offender, to a prison term of five years plus five years of postrelease supervision; and order, same court and justice, entered on or about April 14, 2025, which denied defendant's motion to vacate his conviction pursuant to CPL 440.10, unanimously affirmed.
This Court reversed defendant's initial conviction, after a jury trial, of robbery in the second degree and assault in the second degree, for which the trial court imposed an aggregate prison term of 10 years (see People v Challenger, 200 AD3d 500 [1st Dept 2021], lv denied 38 NY3d 949 [2022]). Following the reversal, defendant pleaded guilty to a single count of robbery in the second degree in exchange for a five-year prison term and five years of postrelease supervision. Defendant was sentenced the same day. On that date, defendant had already been incarcerated for 44 days beyond the five-year prison term imposed by the court. After his plea and sentencing proceeding, he remained incarcerated for an additional 47 days, first in the custody of the New York City Department of Correction and then in the New York State Department of Corrections and Community Supervision, before his release to postrelease supervision on May 17, 2022.
"[A] guilty plea induced by an unfulfilled promise either must be vacated or the promise honored" (People v Selikoff, 35 NY2d 227, 241 [1974], cert denied 419 US 1122 [1975]; see also People v Monroe, 21 NY3d 875, 878 [2013]). Here, the court did not make defendant a promise that later it was not able to fulfill. Accordingly defendant is not entitled to have his plea vacated.
[*2]
Contrary to defendant's contention that the trial court promised him that he would actually serve no more than five years, a promise that would have been broken as soon as it was uttered, the record is clear that the court's statements in response to inquiry by defendant that he would be credited for all the time he was in custody in this case merely indicated that all periods of incarceration would be counted in determining whether defendant had completed his five-year sentence. Indeed, when the prosecutor reported being informed by DOC that defendant's "additional time will count towards postrelease supervision," the only statement during the plea proceeding that might be construed to imply a promise of no more than five years of incarceration, the court explicitly declined to "make that representation." While the court attempted to expedite the proceedings by sentencing defendant on the same day it took defendant's plea, the court made no representation that defendant would be released "soon," or regarding how long it would take for city and state corrections authorities to process defendant's release and release him to the community. Under these circumstances, there was no unfulfilled promise.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2026