■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH PRIVITERE, Appellant.—Judgment unanimously modified on the law and as modified affirmed, and defendant remanded to Monroe County Court for further proceedings, in accordance with the following memorandum: Defendant contends that his conviction for grand larceny in the third degree (Penal Law § 155.30 [former (1)]) should be modified to petit larceny because of the ameliorative amendment of the Penal Law raising the value threshold from $250 to $1,000. Defendant is entitled to the benefit of the ameliorative amendment of the larceny statute (see, People v Behlog, 74 NY2d 237, affg 142 AD2d 983; People v Bowers, 145 AD2d 981). However, because the circumstances here are different from those in either Behlog or Bowers, we vacate defendant's plea to third degree grand larceny rather than modifying it to petit larceny. In this case, defendant pleaded guilty to grand larceny in the third degree in satisfaction of that charge and numerous other charges, both misdemeanors and felonies, then pending against him. It would be grossly unjust to permit defendant to benefit from the ameliorative effect of the amended statute by having all the charges against him satisfied by one misdemeanor plea. We therefore vacate the plea and remit the matter for further proceedings on all charges satisfied thereby, including the theft (now classified as petit larceny) of which he was convicted. In reversing defendant's larceny conviction and vacating that plea, we note that defendant's separate bail jumping conviction need not be reversed. Defendant pleaded guilty to a charge of bail jumping with the express understanding that the sentence thereon would run consecutively to that imposed on the grand larceny conviction (compare, People v Fuggazzatto, 62 NY2d 862, 863). (Appeal from judgment of Monroe County Court, Connell, J.—grand larceny, third degree.) Present—Dillon, P. J., Callahan, Denman, Lawton and Davis, JJ.