■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE OLIVERO, Appellant. [710 NYS2d 29] —Judgment, Supreme Court, Bronx County (Richard Price, J.), rendered February 21, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years; and judgment, same court and Justice, rendered February 21, 1997, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, to run concurrently with the other 5 to 10 year sentences, unanimously reversed, on the law, and the matter remanded for a new trial. Judgment, same court and Justice, rendered February 21, 1997, convicting defendant, upon his plea of guilty, of attempted robbery in the first degree, and sentencing him, as a second felony offender, to a determinate term of 6 years, to run consecutively to the other sentences imposed, unanimously affirmed.

After the testimony was completed, the parties stipulated that if certain chemists had come to court these experts would have testified that the glassine envelopes in this case contained heroin. The lawyers signed three stipulations and, for reasons

not apparent from the record, defendant signed as well. During the prosecutor's summation, emphasis was placed upon defendant's signature on the three stipulations by the prosecutor as follows: "And look at that stipulation, and look whose signatures are on the bottom. I know my signature is there. I know [defense counsel's] signature is there. *Most importantly, Jose Olivero's signature is there as well. * * * He* [Olivero] *knows, he signed on the back of that stating what's in all of these packages is heroin. That's significant.*" (Emphasis added.) The clear import of these comments is that defendant knew that the envelopes contained heroin because he had knowingly possessed the heroin. For the purposes of the jurors' deliberations, there would have been no other reason to consider defendant's signature.

When defendant's counsel objected and requested a mistrial, the trial court gave instructions to the jury which explained the purpose of the stipulations, that they did not mean that defendant conceded knowledge or intent, and that the jurors were not bound by the stipulations. Despite those clear instructions, during deliberations, the jury sent out a note inquiring about the definition of a stipulation and whether defendant was required to sign a stipulation. Defense counsel again moved for mistrial and again curative instructions were read to the jury. Although the prosecutor's summation did not explicitly state that defendant's signature on the three stipulations evidenced his knowledge or intent (*cf., People v Maldonado*, 50 AD2d 556), it is nevertheless clear that this jury was presented with an unavoidable inference that defendant's signature meant something other than an agreement to allow testimonial substitutes. The jury understood the inference offered them by the prosecutor in her summation. If the instructions had had their intended effect of curing the prosecutor's manifestly unfair comment, there would have been no note and no need for re-instruction. The prosecutor's summation remarks were prejudicial because she stressed that it was "important[ ]" and "significant" that Olivero's signature was on the stipulations. By stressing that signature, the jurors clearly got the impression that the defendant was conceding more than just the fact that the chemists would have testified that the glassine envelopes contained heroin. Despite thorough and clear curative instructions, the deliberations of the jurors fastened upon Olivero's signature on the stipulations, a fact that should have had utterly no legal significance to them. The undue attention paid to defendant's personal signature on the stipulations in the summation constituted a de facto or implicit mischaracterization or overstatement of the import of the stipulations. This

prosecutorial misconduct deprived defendant of a fair trial. These errors are not harmless on the facts of this case (*People v Crimmins*, 36 NY2d 230). As such, we are constrained to reverse the judgment based on the jury verdict. While we also find that the court properly declined to submit seventh-degree criminal possession of a controlled substance as a lesser included offense of third-degree criminal possession of a controlled substance (*People v Richardson*, 244 AD2d 273, *lv denied* 91 NY2d 1012), we find the judgment based upon defendant's plea of guilty to criminal sale of a controlled substance must be reversed since it is unclear from the sentencing transcript whether or not the plea was prompted by the promise of a concurrent sentence (*see, People v Taylor*, 80 NY2d 1; *People v Boston*, 75 NY2d 585; *People v Clark*, 45 NY2d 432, 440). This does not apply to the plea of guilty of attempted robbery in the first degree where a consecutive sentence was agreed upon and imposed. Concur—Rosenberger, J. P., Williams, Rubin, Andrias and Buckley, JJ.