■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CATREVA PORTER, Appellant. [779 NYS2d 684]—Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered July 1, 2002. The judgment convicted defendant, upon her plea of guilty, of burglary in the second degree, attempted arson in the second degree and criminal contempt in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: The record of the plea proceeding establishes that defendant knowingly, voluntarily and intelligently waived her right to appeal (*see People v Moissett,* 76 NY2d 909, 911-912 [1990]). That waiver encompasses the contention of defendant that Supreme Court erred in denying her motion to suppress her statements to a fire investigator and a police officer (*see People v Kemp,* 94 NY2d 831, 833 [1999]). The waiver does not encompass defendant's further contention that the court erred in failing to apprehend the extent of its discretion with respect to the imposition of the period of postrelease supervision (*see People v Stanley,* 309 AD2d 1254 [2003]). The court's statement at the plea proceeding with respect to the imposition of a five-year period of postrelease supervision does not, without more, indicate that the court erroneously believed that it lacked discretion to impose a shorter period (*cf. id.* at 1255). Present—Green, J.P., Hurlbutt, Kehoe, Martoche and Hayes, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY MIXON, Also Known as TERRY MIXSON, Appellant. [779 NYS2d 374]—Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered April 14, 2003. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree (two counts), attempted aggravated sexual abuse in the first degree, hindering prosecution in the first degree and criminal trespass in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed (*see People v Williams,* 272 AD2d 986 [2000]). Present—Green, J.P., Hurlbutt, Kehoe, Martoche and Hayes, JJ.