■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BURGESS, Appellant. [805 NYS2d 216]—Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered August 25, 2003. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree (three counts) and attempted robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of three counts of robbery in the second degree (Penal Law § 160.10 [2] [b]) and one count of attempted robbery in the second degree (§§ 110.00, 160.10 [2] [b]). Contrary to the contention of defendant, his unqualified waiver of the right to appeal is valid and encompasses his challenge to the severity of the sentence (see People v Lococo, 92 NY2d 825, 827 [1998]; People v Hidalgo, 91 NY2d 733, 737 [1998]). Although defendant's further contention that Supreme Court failed to apprehend the extent of its discretion in imposing a period of postrelease supervision is not encompassed by the waiver of the right to appeal (see People v Porter, 9 AD3d 887 [2004], lv denied 3 NY3d 710 [2004]; People v Stanley, 309 AD2d 1254 [2003]), we conclude that defendant's contention lacks merit. "The court's statement . . . with respect to the imposition of a five-year period of postrelease supervision does not, without more, indicate that the court erroneously believed that it lacked discretion to impose a shorter period" (Porter, 9 AD3d at 887; see People v Tyes, 9 AD3d 899 [2004], lv denied 3 NY3d 682 [2004]; cf. Stanley, 309 AD2d at 1254-1255). Present—Green, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.