him upon his plea of guilty of, inter alia, two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and four counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1], [12]). Contrary to the contention of defendant, County Court properly denied his requests for substitution of counsel inasmuch as he failed to demonstrate the requisite good cause for substitution (*see People v Wilson*, 38 AD3d 1326, 1327 [2007], *lv denied* 9 NY3d 853 [2007]; *see generally People v Sides*, 75 NY2d 822, 824 [1990]). Although defendant alleged during the proceedings that defense counsel had a conflict of interest, the court's inquiry into the matter established that no such conflict existed. Also contrary to defendant's contention, the sentence is not unduly harsh or severe. Present—Martoche, J.P., Smith, Centra, Green and Pine, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC F. ELMORE, Appellant. (Appeal No. 1.) [869 NYS2d 846]—

Present—Martoche, J.P., Smith, Centra, Green and Pine, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC F. ELMORE, Appellant. (Appeal No. 2.) [870 NYS2d 651]—

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of attempted burglary in the first degree (Penal Law §§ 110.00, 140.30 [1]), defendant contends that County Court erred in denying his motion to withdraw his plea. We conclude on the record before us that the court did not abuse its discretion in denying the motion where, as here, there is no evidence of "innocence, fraud, or mistake in inducing the plea" (*People v Robertson*, 255 AD2d 968 [1998], *lv denied* 92 NY2d 1053 [1999]). The record does not support the contention of defendant that the court erroneously informed him that he would