THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS MONTGOMERY, Appellant. [880 NYS2d 811]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered November 27, 2007. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]), defendant challenges the validity of his waiver of the right to appeal. We reject that challenge (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Washington*, 53 AD3d 1120 [2008], *lv denied* 11 NY3d 796 [2008]). Although the contention of defendant that Supreme Court erred in denying

his motion to withdraw the plea survives his valid waiver of the right to appeal, that contention is without merit. The contention of defendant that the plea was coerced is belied by his statements during the plea colloquy (*see People v Gimenez*, 59 AD3d 1088 [2009]; *People v Farley*, 34 AD3d 1229 [2006], *lv denied* 8 NY3d 880 [2007]). In addition, the record belies the further contention of defendant that he was misled with respect to his potential sentence prior to entering the plea (*see generally People v Elmore* [appeal No. 2], 57 AD3d 1507 [2008]). Further, we reject the contention of defendant that he should have been permitted to withdraw his plea based on defense counsel's incorrect statement that he could withdraw his plea at any time before sentencing. The issue whether defense counsel made the alleged statement presented a credibility issue that the court was entitled to resolve against defendant after affording him a reasonable opportunity to be heard (*see People v Dozier*, 12 AD3d 1176 [2004]; *People v Stephens*, 6 AD3d 1123, 1124 [2004], *lv denied* 3 NY3d 663, 682 [2004]; *see also People v Irvine*, 42 AD3d 949 [2007], *lv denied* 9 NY3d 962 [2007]).

Although the further contention of defendant that the court failed to apprehend the extent of its discretion to impose a lesser period of postrelease supervision also survives his waiver of the right to appeal, that contention is without merit (*see People v Burgess*, 23 AD3d 1095 [2005], *lv denied* 6 NY3d 810 [2006]; *People v Tyes*, 9 AD3d 899 [2004], *lv denied* 3 NY3d 682 [2004]; *People v Porter*, 9 AD3d 887 [2004], *lv denied* 3 NY3d 710 [2004]; *cf. People v Stanley*, 309 AD2d 1254 [2003]). Finally, defendant's challenge to the severity of the sentence is encompassed by the waiver by defendant of the right to appeal (*see Lopez*, 6 NY3d at 256; *People v Hidalgo*, 91 NY2d 733, 737 [1998]). Present—Scudder, P.J., Martoche, Fahey, Carni and Pine, JJ.