# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**482**

**KA 08-02524**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

ERIC MCMULLEN, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered November 13, 2008. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [3]). The record of the plea colloquy establishes that defendant knowingly, voluntarily and intelligently waived his right to appeal (*see People v Lopez*, 6 NY3d 248, 256; *People v Eatmon*, 66 AD3d 1453, 1453). That valid waiver of the right to appeal encompasses defendant's contention that imposition of the maximum period of postrelease supervision rendered the sentence unduly harsh and severe (*see People v Hidalgo*, 91 NY2d 733, 737; *People v Wilson*, 53 AD3d 928, 929, *lv denied* 11 NY3d 858). Defendant's further contention that County Court erred in failing to apprehend the extent of its discretion in imposing a period of postrelease supervision survives the waiver of the right to appeal (*see People v Montgomery*, 63 AD3d 1635, 1636, *lv denied* 13 NY3d 798; *People v Burgess*, 23 AD3d 1095, *lv denied* 6 NY3d 810). We conclude, however, that "[t]he court's statement at the plea proceeding with respect to the imposition of a five-year period of postrelease supervision does not, without more, indicate that the court erroneously believed that it lacked discretion to impose a shorter period" (*People v Porter*, 9 AD3d 887, *lv denied* 3 NY3d 710).

Entered: April 20, 2012                          Frances E. Cafarell
                                                 Clerk of the Court