THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONELL DINKINS, Appellant. [988 NYS2d 165]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered July 6, 2010, convicting defendant, upon his plea of guilty, of grand larceny in the fourth degree and bail jumping in the second degree and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years and 1½ to 3 years, respectively, unanimously modified, on the law, to the extent of vacating the grand larceny conviction and remanded for further proceedings on that charge only, and otherwise affirmed.

Defendant's plea agreement provided that he would receive sentences of 2 to 4 years for grand larceny and 1½ to 3 years for bail jumping that would run concurrently with each other, but with the larceny sentence running concurrently with another sentence of 2 to 4 years imposed on a separate indictment, and the bail jumping sentence running consecutively to the sentence imposed on that indictment. We note that since the bail jumping conviction was based on defendant's failure to appear on the other indictment, the sentences for bail jumping and the underlying indictment were required to run consecutively absent certain mitigating circumstances (Penal Law § 70.25 [2-c]).

The court sentenced defendant in accordance with this promise. However, defendant's conviction under the indictment was reversed by this Court (104 AD3d 413 [1st Dept 2013], appeal withdrawn 21 NY3d 911 [2013]).

Where, as here, "a guilty plea is induced by the court's explicit promise that the defendant will receive a lesser sentence to run concurrently with a sentence in another case, and that conviction is overturned, the defendant may withdraw his plea and face the indictment, since the promise cannot be kept" (People v Pichardo, 1 NY3d 126, 129 [2003]). However, this principle does not apply to consecutive sentences (see People v Olivero, 272 AD2d 174 [1st Dept 2000], lv denied 95 NY2d 937 [2000]; People v Privitere, 156 AD2d 971 [4th Dept 1989]). Here,

the reversal nullified a benefit that had been an inducement to the plea, but only as to the concurrent sentence, not the consecutive sentence.

Defendant argues that, because of the interrelatedness of the concurrent and consecutive sentences, the pleas to both counts should be vacated. Conversely, the People argue, for similar reasons, that neither plea should be vacated.

We reject both arguments. Even though this was a global disposition, the pleas are severable, and each should be treated in accordance with its own legal status. Concur—Sweeny, J.P., Renwick, Andrias, Richter and Kapnick, JJ.