# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1223**
**KA 13-01583**
PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

FRANCIS S. SMITH, ALSO KNOWN AS FRANCIS SMITH,
DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF
COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered May 2, 2013. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1 and appeal No. 2, defendant appeals from separate judgments convicting him upon his pleas of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). Both pleas were entered during one plea proceeding, during which defendant waived his right to appeal. We reject defendant's challenge in each appeal to the validity of the waiver of the right to appeal. "The written waiver of the right to appeal, together with defendant's responses during the plea proceeding, establish that the waiver was voluntarily, knowingly, and intelligently entered" (*People v Griner*, 50 AD3d 1557, 1558, *lv denied* 11 NY3d 737; *see People v Ramos*, 7 NY3d 737, 738). The valid waiver of the right to appeal encompasses defendant's challenge in each appeal to the severity of the sentence, including the period of postrelease supervision (*see People v Raynor*, 107 AD3d 1567, 1568, *lv denied* 22 NY3d 1090; *People v McMullen*, 94 AD3d 1434, 1434-1435, *lv denied* 19 NY3d 964; *People v Laskowski*, 46 AD3d 1383, 1384). Although defendant's challenge in each appeal to the validity of the orders of protection issued by County Court survives his waiver of the right to appeal (*see People v Smith*, 83 AD3d 1213, 1214; *People v Victor*, 20 AD3d 927, 928, *lv denied* 5 NY3d 833, *reconsideration denied* 5 NY3d 885), he failed to preserve those challenges for our review inasmuch as he did not object to the orders of protection either during the plea proceeding or at sentencing (*see People v Russell*, 120 AD3d 1594, 1594-1595; *Smith*, 83

AD3d at 1213-1214).  Indeed, defense counsel specifically advised the court that defendant had no objection to entry of the orders at issue. We therefore decline to exercise our power to review defendant's challenges as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).

Entered:  November 21, 2014                      Frances E. Cafarell
                                                 Clerk of the Court