# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

158
KA 14-01870
PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOSEPH WALKER, JR., DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered May 7, 2012. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty under indictment No. 2478/11, of robbery in the first degree (Penal Law § 160.15 [3]) arising out of an incident in November 2011. We reject defendant's contention that his plea must be vacated pursuant to *People v Fuggazzatto* (62 NY2d 862) in light of our vacatur of his guilty plea to an unrelated robbery under superior court information No. 36277 (*People v Walker* [appeal No. 2], ___ AD3d ___). Defendant "pleaded without any commitment on sentence," and it is well established that such pleas are not subject to vacatur on *Fuggazzatto* grounds (*People v Clark*, 45 NY2d 432, 440, *rearg denied* 45 NY2d 839; *see People v Pichardo*, 1 NY3d 126, 129; *People v Lowrance*, 41 NY2d 303, 304; *People v LeFrois* [appeal No. 2], 155 AD2d 949, 950, *lv dismissed* 76 NY2d 791; *cf. People v Williams*, 17 NY3d 834, 836). The fact that defendant pleaded guilty to both the indictment and the superior court information as part of a single plea bargain does not change the result. "[T]he pleas are severable, and each should be treated in accordance with its own legal status" (*People v Dinkins*, 118 AD3d 559, 560; *see generally People v Pierre* [appeal No. 1], 124 AD3d 1332, 1332, *lv denied* 25 NY3d 1076; *People v Smith*, 122 AD3d 1420, 1420, *lv denied* 25 NY3d 1172).

Although defendant correctly notes that his waiver of the right to appeal his conviction does not encompass his challenge to the severity of his sentence (*see People v Maracle*, 19 NY3d 925, 928), we

nevertheless conclude that the bargained-for sentence is not unduly harsh or severe (*see People v Grucza*, 145 AD3d 1505, 1506).  Moreover, given that defendant was over 19 years old at the time of the crime in November 2011, he is categorically ineligible for youthful offender treatment on this particular conviction (*see* CPL 720.10 [1]).  Thus, contrary to defendant's further contention, there is no basis for resentencing pursuant to *People v Middlebrooks* (25 NY3d 516).

Entered:  March 24, 2017                        Frances E. Cafarell
                                                Clerk of the Court