People v Oliveras-Arvelo (2018 NY Slip Op 04919)





People v Oliveras-arvelo


2018 NY Slip Op 04919


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


845 KA 16-01234

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LUIS OLIVERAS-ARVELO, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered June 2, 2016. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). Contrary to defendant's contention, the record establishes that he knowingly, voluntarily, and intelligently waived the right to appeal (see generally People v Lopez, 6 NY3d 248, 256 [2006]). That valid waiver of the right to appeal encompasses defendant's contention that the sentence is unduly harsh and severe (see People v Hidalgo, 91 NY2d 733, 737 [1998]; cf. People v Maracle, 19 NY3d 925, 928 [2012]). Defendant's further contention that Supreme Court erred in failing to apprehend the extent of its discretion in imposing a period of postrelease supervision survives the waiver of the right to appeal (see People v Burgess, 23 AD3d 1095, 1095 [4th Dept 2005], lv denied 6 NY3d 810 [2006]), but we conclude that it is without merit. "The court's statement at the plea proceeding with respect to the imposition of a five-year period of postrelease supervision does not, without more, indicate that the court erroneously believed that it lacked discretion to impose a shorter period" (People v Porter, 9 AD3d 887, 887 [4th Dept 2004], lv denied 3 NY3d 710 [2004]; see People v Tyes, 9 AD3d 899, 899 [4th Dept 2004], lv denied 3 NY3d 682 [2004]).
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court