People v Truitt (2019 NY Slip Op 01983)





People v Truitt


2019 NY Slip Op 01983


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, CARNI, AND TROUTMAN, JJ.


1333 KA 17-01247

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RAMISI TRUITT, DEFENDANT-APPELLANT. 






LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (NICOLE K. INTSCHERT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, A.J.), rendered April 28, 2017. The judgment convicted defendant, upon her plea of guilty, of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting her, upon her plea of guilty, of manslaughter in the first degree (Penal Law
§ 125.20 [4]), defendant contends that her waiver of the right to appeal was not knowingly, voluntarily and intelligently entered. We reject that contention. Contrary to defendant's assertion, County Court did not conflate defendant's waiver of the right to appeal with the rights automatically forfeited by a plea of guilty, and indeed the court specifically apprised defendant that "[t]he right to appeal is separate and distinct from" those rights that were automatically forfeited upon a plea of guilty (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Joubert, 158 AD3d 1314, 1315 [4th Dept 2018], lv denied 31 NY3d 1014 [2018]; People v Williams, 49 AD3d 1281, 1282 [4th Dept 2008], lv denied 10 NY3d 940 [2008]). Defendant's valid waiver of the right to appeal encompasses her contention that the sentence is unduly harsh and severe (see Lopez, 6 NY3d at 255; People v Hidalgo, 91 NY2d 733, 737 [1998]; cf. People v Maracle, 19 NY3d 925, 928 [2012]). Similarly, defendant's further contention that the court erred in refusing to suppress her statement to the police does not survive her valid waiver of the right to appeal (see People v Kemp, 94 NY2d 831, 833 [1999]; People v Lynn, 144 AD3d 1491, 1492 [4th Dept 2016], lv denied 28 NY3d 1186 [2017]).
Defendant also contends that the court erred in denying, without a hearing, her pro se motion to withdraw her plea on the ground that she is not guilty. Although that contention survives defendant's valid waiver of the right to appeal (see People v Colon, 122 AD3d 1309, 1309-1310 [4th Dept 2014], lv denied 25 NY3d 1200 [2015]; People v Montgomery, 63 AD3d 1635, 1635-1636 [4th Dept 2009], lv denied 13 NY3d 798 [2009]), we conclude that it lacks merit. "Only in the rare instance will a defendant be entitled to an evidentiary hearing [on a motion to withdraw her plea of guilty]; often a limited interrogation by the court will suffice" (People v Tinsley, 35 NY2d 926, 927 [1974]). Here, the court reviewed the plea colloquy and then denied defendant's motion to withdraw the plea, and we conclude that the court correctly determined that "defendant's assertions of innocence . . . were conclusory and belied by defendant's statements during the plea colloquy" (People v Wright, 66 AD3d 1334, 1334 [4th Dept 2009], lv denied 13 NY3d 912 [2009]; see People v Roberts, 126 AD3d 1481, 1481 [4th Dept 2015], lv denied 26 NY3d 1149 [2016]; see generally People v Haffiz, 19 NY3d 883, 884-885 [2012]).
To the extent that defendant's contention that she was denied effective assistance of counsel survives her guilty plea and waiver of the right to appeal (see People v Rausch, 126 AD3d 1535, 1535 [4th Dept 2015], lv denied 26 NY3d 1149 [2016]; People v Strickland, 103 [*2]AD3d 1178, 1178 [4th Dept 2013]), we conclude that it lacks merit inasmuch as the record before us establishes that defendant was afforded meaningful representation (see People v Blarr [appeal No. 1], 149 AD3d 1606, 1606 [4th Dept 2017], lv denied 29 NY3d 1123 [2017]; see generally People v Ford, 86 NY2d 397, 404 [1995]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court