People v Vanwuyckhuyse (2023 NY Slip Op 00754)

People v Vanwuyckhuyse

2023 NY Slip Op 00754

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, BANNISTER, AND OGDEN, JJ.

3 KA 19-00813

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSHUA S. VANWUYCKHUYSE, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered January 16, 2019. The judgment convicted defendant, upon a plea of guilty, of aggravated family offense. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Supreme Court, Monroe County, for further proceedings on the indictment.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon his plea of guilty, of aggravated family offense (Penal Law § 240.75 [1]), arising from his violation of a no-contact order of protection in favor of a protected person. In appeal No. 2, defendant appeals from a judgment convicting him, upon his plea of guilty, of driving while intoxicated as a class E felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i] [A]), arising from an unrelated incident nearly a year later in which he operated a motor vehicle while intoxicated.
Defendant contends in appeal No. 1 that his plea was not knowingly and voluntarily entered because he negated an essential element in his factual recitation during the plea proceeding and Supreme Court erred in accepting his plea without curing the deficiency through further inquiry. We agree.
Preliminarily, although defendant failed to preserve his contention for our review because "his motion to withdraw his plea was made on grounds different from those advanced on appeal" (People v Gibson, 140 AD3d 1786, 1787 [4th Dept 2016], lv denied 28 NY3d 1072 [2016]), the narrow exception to the preservation requirement applies in this case (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Busch-Scardino, 158 AD3d 988, 988-989 [3d Dept 2018]).
With respect to the merits, "[w]hile 'trial courts are not required to engage in any particular litany during an allocution in order to obtain a valid guilty plea' . . . , 'where a defendant's factual recitation negates an essential element of the crime pleaded to, the court may not accept the plea without making further inquiry to ensure that defendant understands the nature of the charge and that the plea is intelligently entered' " (People v Worden, 22 NY3d 982, 984 [2013]; see Lopez, 71 NY2d at 666). "Upon further inquiry, the court may accept the plea only if it determines the allocution sufficient" (Matter of Silmon v Travis, 95 NY2d 470, 474 n 1 [2000]; see Lopez, 71 NY2d at 666; People v Bovio, 206 AD3d 1568, 1569 [4th Dept 2022]).
"A person is guilty of aggravated family offense when [that person] commits a misdemeanor defined . . . as a specified offense," including criminal contempt in the second degree, and such person "has been convicted of one or more specified offenses within the [*2]immediately preceding five years" (Penal Law § 240.75 [1]; see
§ 240.75 [2]). Defendant's contention in appeal No. 1 is premised on the assertion that his factual recitation negated the mens rea element of criminal contempt in the second degree (§ 215.50 [3]), i.e., the specified offense underlying the aggravated family offense charge (§ 240.75 [1], [2]). A person is guilty of criminal contempt in the second degree pursuant to Penal Law § 215.50 (3) when, as relevant here, the person engages in "[i]ntentional disobedience or resistance to the lawful process or other mandate of a court," including an order of protection (see generally People v Cajigas, 19 NY3d 697, 701 [2012]). "A person acts intentionally with respect to a result or to conduct described by a statute defining an offense when [that person's] conscious objective is to cause such result or to engage in such conduct" (§ 15.05 [1]).
Here, the record establishes that defendant "stated during [the] plea allocution that [he] did not intend to violate the underlying order of protection, thus negating an element of criminal contempt in the [second] degree," which, as noted, was charged as the specified offense supporting the aggravated family offense count (Busch-Scardino, 158 AD3d at 989). In particular, after acknowledging his awareness of the valid and effective order of protection directing him to have no contact with the protected person, defendant stated that he "didn't intentionally violate" the order of protection by sending the protected person a letter and instead asserted that any violation "was unintentional." Following an off-the-record discussion between defendant and defense counsel, defendant admitted that sending the letter did, in fact, violate the order of protection, but the court did not inquire, and defendant never clarified, whether his conscious objective was to disobey the order of protection (see id.; cf. Penal Law § 15.05 [1]; People v Blankenbaker, 197 AD3d 1353, 1354-1355 [3d Dept 2021]). Contrary to the People's assertion, which "conflates the culpable mental states for acts done 'intentionally'
(§ 15.05 [1]) and those done 'knowingly' (§ 15.05 [2])" (People v Burman, 173 AD3d 1727, 1728 [4th Dept 2019]), this is not a case in which defendant's "further statements removed any doubt regarding th[e requisite] intent" (People v Trinidad, 23 AD3d 1060, 1061 [4th Dept 2005], lv denied 6 NY3d 760 [2005]; see also Busch-Scardino, 158 AD3d at 989).
Based on the foregoing, we conclude that the court erred in accepting defendant's guilty plea in appeal No. 1, and we therefore reverse the judgment of conviction, vacate the plea, and remit the matter to Supreme Court for further proceedings on the indictment. In light of our determination, we do not address defendant's remaining challenge to the voluntariness of the plea in appeal No. 1.
Contrary to defendant's contention in appeal No. 2, however, we conclude that reversal of the judgment of conviction and vacatur of that plea in appeal No. 1 does not warrant reversal of the judgment of conviction and vacatur of the separate plea in appeal No. 2 (see People v Privitere, 156 AD2d 971, 971 [4th Dept 1989]). Defendant pleaded guilty to the felony driving while intoxicated charge under a superior court information in appeal No. 2 with the express understanding that the sentence on the aggravated family offense charge under the indictment in appeal No. 1 would run consecutively to the sentence imposed on the felony driving while intoxicated conviction (see id.). Inasmuch as "defendant's plea [to felony driving while intoxicated in appeal No. 2], therefore, was not induced by the understanding that his sentence would be concurrent with the sentence for the conviction [of aggravated family offense in appeal No. 1], there is no basis for vacating the plea [in appeal No. 2]" (People v Hemphill, 229 AD2d 324, 324 [1st Dept 1996], lv denied 88 NY2d 1021 [1996]; see People v Dinkins, 118 AD3d 559, 559-560 [1st Dept 2014]; Privitere, 156 AD2d at 971; cf. People v Pichardo, 1 NY3d 126, 129 [2003]). Moreover, contrary to defendant's contention, "[t]he fact that [he] pleaded guilty [under] both the indictment [in appeal No. 1] and the superior court information [in appeal No. 2] as part of a single plea bargain does not change the result" (People v Walker, 148 AD3d 1569, 1569 [4th Dept 2017], lv denied 29 NY3d 1088 [2017]). " '[T]he pleas are severable, and each should be treated in accordance with its own legal status' " (id.; see Dinkins, 118 AD3d at 560; see generally Privitere, 156 AD2d at 971).
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court